IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERIE LYNN ECKARD,         )
                       )
         Plaintiff,        )
                       )
         v.           )   Civil Action No. 21-1402
                       )
KILOLO KIJAKAZI,         )
*Acting Commissioner of Social Security*,   )
                       )
         Defendant.    )

O R D E R

AND NOW, this 30th day of December, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

_____

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred in finding that her migraine headaches and mental impairments were non-severe at Step Two of the Social Security Administration ("SSA")'s sequential process and in failing to properly incorporate the limitations from these impairments into her residual functional capacity ("RFC"). Plaintiff

further asserts that the ALJ's consideration of her own testimony was improper because the ALJ did not adequately consider her long work history.  After careful review, the Court disagrees and, instead, finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled pursuant to the Act.

Plaintiff's argument centers primarily around her contention that the ALJ did not properly consider her migraine headaches and mental impairments at multiple levels of the SSA's sequential process.  She first asserts that the ALJ erred in not finding her migraines and her anxiety and depression to constitute severe impairments at Step Two of the analysis.  However, as Plaintiff fully acknowledges, the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment.  *See Bradley v. Barnhart*, 175 Fed. Appx. 87, 90 (7th Cir. 2006).  In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe.  *See Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); *Lee v. Astrue*, Civ. No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); *Lyons v. Barnhart*, Civ. No. 05-104, 2006 WL 1073076, at *3 (W.D. Pa. Mar. 27, 2006); *Gerald v. Berryhill*, No. 3:17-CV-00575, 2018 WL 7364649, at *5 (M.D. Pa. Oct. 12, 2018), *report and recommendation adopted*, No. CV 3:17-575, 2019 WL 719829 (M.D. Pa. Feb. 19, 2019).  Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's migraines or mental health issues to be non-severe.

What matters is whether the ALJ properly accounted for any limitations caused by these impairments in formulating Plaintiff's RFC.  In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996).  *See also* 20 C.F.R. § 404.1545(a)(2).  "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5.  Accordingly, merely because the ALJ did not find Plaintiff's migraine headaches and mental impairments to be severe does not mean that these impairments could not still have affected Plaintiff's RFC.

To this end, Plaintiff argues that the ALJ was not only wrong in finding her migraines, anxiety, and depression to be non-severe, but exacerbated this mistake by failing to account for them in the RFC before engaging in Steps Four and Five of the sequential analysis.  However, there are several problems with Plaintiff's position.  First, the Court notes that the ALJ expressly did consider Plaintiff's migraines and mental impairments in crafting the RFC, specifically including the restriction to "a work environment free of fast-paced production quotas as these conditions may trigger her anxiety and headaches."  (R. 18, 28).

Plaintiff again acknowledges this finding but argues that it is inadequate.  In regard to her migraine headaches, she contends that the ALJ's RFC finding was inadequate because it failed to address her limitations while a migraine was actually occurring.  (Doc. No. 12, pp. 9-10).  In particular, Plaintiff asserts that the RFC "fails to address the primary impact of Plaintiff's migraines – that when she has them, she is off task for a considerable period of time due to the

pain and needs to lie down in a dark room until the migraine subsides." (*Id.*, p. 9). However, this argument presupposes that the ALJ was required to find that Plaintiff's headaches required off-task time and/or absences beyond usual employer tolerances. There is simply no medical evidence to mandate such a finding. For instance, no doctor opined that Plaintiff's headaches would require Plaintiff to be off-task or absent for any particular amount of time, nor did the medical records indicate any specific limitations.

Indeed, Plaintiff relies virtually entirely on her own subjective testimony to establish the extent of the limitations caused by her migraines. While this was certainly not improper, it is also important to remember that, while a claimant's testimony regarding his or her subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 404.1529(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). Moreover, where an ALJ has articulated reasons supporting a "credibility" determination (as the Court will further discuss *supra*), that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). The Court finds that such deference is warranted in this case. *See also Paula R. v. Comm'r of Soc. Sec.*, No. CV 20-18808 (RBK), 2022 WL 950242, at *5 (D.N.J. Mar. 30, 2022) ("Credibility determinations are 'virtually unreviewable on appeal.'" (quoting *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015))). In finding Plaintiff's migraines to be less limiting than she alleged them to be, the ALJ noted record evidence referring to her migraines as infrequent, well-treated with ibuprofen, and improved since her surgeries for right parietal arteriovenous malformation in August/September of 2018. (*See, e.g.*, R. 401-02, 441, 446, 977, 1791).

Plaintiff contends that the ALJ's findings in this regard were undermined by her mistaken statement about the amount of ibuprofen that Plaintiff was permitted to take to treat her headaches. The Court does note that although the ALJ stated that Plaintiff was permitted to take up to 2000 mg of ibuprofen per week, the record demonstrates that Plaintiff's doctors had approved her to take up to 2000 mg of Tylenol – rather than ibuprofen – per week. (R. 25, 402). However, Plaintiff has failed to show how this error was material; she does not assert, nor does the record at any point suggest, that she was unable to treat any migraine headaches because of her limitations as to the use of ibuprofen. In sum, the ALJ's decision not to adopt Plaintiff's subjective statements regarding her migraines, and instead to rely primarily on the medical evidence, was appropriate. The Court again emphasizes that the ALJ did, in fact, include some limitations in the RFC to account for Plaintiff's headaches.

Plaintiff's arguments regarding her anxiety and depression fare no better. She asserts that the ALJ erred in failing to adopt the limitations to which Alexandra Kristobak, PA-C, her treating psychiatrist, opined. (R. R. 1849-51). The ALJ, in finding Dr. Kristobak's opinion to be unpersuasive, noted that it was not consistent with or supported by the objective medical evidence, including her own treatment notes. (R. 20). The ALJ discussed the medical evidence at significant length and noted that Plaintiff's care for her mental health impairments had been routine and conservative, consisting only of medical management. (R. 18-21). The ALJ discussed the effectiveness of Plaintiff's medication, her mental status examinations, and the lack of evidence of cognitive deficits that would suggest a limitation to simple instructions. (R. 20). There was nothing improper in this analysis; indeed, an ALJ can, and in fact must, consider such objective medical

3

evidence in evaluating opinions and subjective statements.  *See* 20 C.F.R. §§ 404.1520c(b), (c), 404.1529(c)(2); S.S.R. 16-3p, 2016 WL 1119029, at *5 (S.S.A. 2016).  Consequently, the consistency between a treating source's opinion and his or her own treatment notes is an appropriate consideration.  *see Bryson v. Comm'r of Soc. Sec.*, 639 Fed. Appx. 784, 787 (3d Cir. 2016); *Kibe v. Comm'r of Soc. Sec.*, 787 Fed. Appx. 801, 803 (3d Cir. 2019).  Plaintiff further contends, though, that the ALJ rejected not only Dr. Kristobak's opinion, but also that of state reviewing agent Erin Nicole Urbanowicz, Psy.D.  (R. 97-98).  She seems to imply that Dr. Urbanowicz's opinion supports that of Dr. Kristobak.  However, the Court notes that Dr. Urbanowicz actually found, as did the ALJ, that Plaintiff's anxiety and depression were non-severe.  (R. 92).  Indeed, Dr. Urbanowicz's opinion was significantly less restrictive than, and arguably not consistent with, that of Dr. Kristobak.  Moreover, although Dr. Urbanowicz did also limit Plaintiff to simple tasks, instructions, and decisions, the ALJ explained why such limitations were not supported by the record, just as she did in regard to Dr. Kristobak's opined restrictions.

Plaintiff may argue that the evidence could support a different conclusion, but if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).  Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision."  *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).  In making her decision here, the ALJ very thoroughly discussed the evidence and properly considered the four broad areas of mental functioning in making her findings.  (R. 18-21).  The Court further notes that, as the Commissioner points out, it is likely that Plaintiff could perform two of the jobs to which the vocational expert testified (sorter – DOT #222.687-014 and marker – DOT #209.587-034) even had the RFC included the limitation to simple tasks suggested by Drs. Kristobak and Urbanowicz, as well as the social limitations to which Dr. Kristobak opined.

As to Plaintiff's claim that her testimony was entitled to substantial credibility because of her work history, the Third Circuit has previously indicated that an ALJ should consider affording substantial credibility to a claimant's testimony about her work capabilities when the claimant has worked for a long period of time.  *See Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Taybron v. Harris*, 667 F.2d 412, 415 n. 6 (3d Cir. 1981); *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984).  The Court notes that, despite subsequent changes to the SSA's regulations, an ALJ's consideration of a claimant's testimony is still often referred to as a "credibility" determination, though that term has been eliminated from the Commissioner's policy concerning "subjective symptom evaluation."  *Schneider v. Berryhill*, No. CV 17-1299, 2019 WL 698471, at *2 (W.D. Pa. Feb. 20, 2019) (citing S.S.R. 16-3p) (explaining S.S.R. 16-3p "clarif[ied] that the subjective symptom evaluation is not an examination of an individual's character").  In any event, work history remains evidence ALJs are to consider as part of the inquiry into whether a claimant's subjective symptoms are supported by other evidence in the record, and a substantial work history still tends to support a claimant's "testimony about his work capabilities."  *Rinier v. Berryhill*, No. CV 17-125, 2018 WL 3574941, at *4 (W.D. Pa. July 25, 2018).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:           Counsel of record

---

However, an ALJ does not err by failing to afford a claimant's testimony heightened consideration based *solely* on her work history. *See Corley v. Barnhart*, 102 Fed. Appx. 752, 755 (3d Cir. 2004). There generally must be other factors, such as evidence of severe impairments or attempts to return to work, for a claimant to be entitled to heightened credibility. *See id.*; *Shore v. Kijakazi*, No. CV 20-1169-SRF, 2022 WL 782701, at *10 (D. Del. Mar. 15, 2022); *Hodnett v. Saul*, No. CV 2:18-1074, 2019 WL 3778383, at *5 (W.D. Pa. Aug. 12, 2019); *Polardino v. Colvin*, No. CIV.A. 12-806, 2013 WL 4498981, at *5 (W.D. Pa. Aug. 19, 2013) (holding that "a claimant's work history alone is not dispositive of the question of her credibility, and an ALJ is not required to equate a long work history with enhanced credibility"). It is more significant that the ALJ base his or her evaluation of a claimant's testimony on a broad view of the record and that the finding be supported by substantial evidence. *See Sanborn v. Comm'r of Soc. Sec.*, 613 Fed. Appx. 171, 177 (3d Cir. 2015).

The Court first notes that Plaintiff's work history is not particularly remarkable, particular after 1999. Rather, it shows somewhat sporadic earning reports of various amounts for many years leading up to the alleged onset date of August 28, 2018. (R. 200). Moreover, there is no evidence in the record of any additional factors, such as severe impairments or attempts to return to work, that would warrant a finding of heightened credibility. The ALJ discussed why she found that Plaintiff's subjective complaints were not consistent with the objective medical evidence and her treatment history. Moreover, the ALJ was clearly aware of Plaintiff's work history – her work history was discussed during hearing, and the ALJ specifically noted Plaintiff's work history in making her RFC findings. (R. 28, 45-46). *See Rinier*, 2018 WL 3574941, at **4-5 (finding the ALJ "clearly was aware of" claimant's work where the ALJ calculated quarters of coverage, discussed whether claimant could perform past relevant work, referenced claimant's past jobs, and heard testimony concerning past work). As such, there is no basis for remand based on the ALJ's consideration of Plaintiff's subjective statements in light of her work history.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports her findings. The Court will therefore affirm.